UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY J. HORTON,            )
                            )
    Plaintiff,               )
                            )
    v.                       )    CAUSE NO. 3:16-CV-315 RM
                            )
KATHY L. GRIFFIN, et al.,    )
                            )
    Defendants.              )

OPINION AND ORDER

Danny J. Horton, a *pro se* prisoner, filed a complaint alleging that a person on his visitation list has been restricted from visiting the prison for six months. He alleges that neither he nor that visitor were given a due process hearing. He alleges that he hasn't been disciplined or prevented from having other visitors. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Though the defendants acted under color of state law, they haven't deprived Mr. Horton of a federal constitutional right. "The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and

therefore is not independently protected by the Due Process Clause." Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461 (1989) (quotation marks and citation omitted). Mr. Horton argues that the defendants violated prison policies, but "a prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin [v. Conner], 515 U.S. [472,] 483 [1995]. In the absence of such atypical and significant deprivations, the procedural protections of the Due Process Clause will not be triggered." Lekas v. Briley, 405 F.3d 602, 608 (7th Cir. 2005) (quotation marks and brackets omitted). Thus the violation of a prison policy related to visitation does not state a claim. *See* Billups v. Galassi, 2000 WL 6200, *1, (7th Cir. January 3, 2000) ("Thus, Jackson's visiting privileges do not implicate a constitutionally protected liberty interest, and a hearing, or any other due process protection, was not required for Galassi to revoke that privilege.")

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, No. 15-2732, 633 Fed. Appx. 346, 348 (7th Cir. 2016) (quotation marks omitted). *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013) and Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Mr.

2

Horton's complaint fits that bill. Mr. Horton wasn't entitled to due process before his visitor was banned from the facility and he can't state a claim based on these facts.

For these reasons, this complaint is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: May  26 , 2016

                                                    /s/ Robert L. Miller, Jr.
                                                    Judge,
                                                    United States District Court